UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADER OTONIEL LOPEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br>Respondents. | Case No. 1:26-cv-05725-JLT-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION AND DENY MOTION FOR EXPEDITED RELIEF AS MOOT[1]<br>(Docs. 1, 14)<br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Ader Otoniel Lopez, an immigration detainee proceeding pro, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He contends that his continued detention under 8 U.S.C. § 1226(a) has become unconstitutionally prolonged in violation of his due process rights, and seeks immediate release. (*Id.*). Respondents maintain that Petitioner's detention is not indefinite and the procedures governing his detention satisfy due process. (Doc. 11). In reply, Petitioner argues that the government must provide an "updated," individualized justification for detention exceeding six months. (Doc. 13). He also moves for expedited consideration of the Petition. (Doc. 14).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Petitioner previously received a counseled bond hearing at which an immigration judge denied release on a finding that he presented a flight risk. The question is whether, in light of his continued detention and the procedures afforded to him, Petitioner has established a statutory or constitutional entitlement to release to habeas relief. For the reasons below, the undersigned recommends denying the Petition and denying the motion for expedited consideration as moot.

I. BACKGROUND

Petitioner is a native and citizen of Guatemala. According to the record in his earlier habeas proceedings, he entered the United States without inspection in or around February 2022. (*See* Case No. 1:26-cv-01372-JLT-HBK, at Doc. 1 at 7).

On January 21, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") during a vehicle stop in Beltsville, MD. (*Id*. at Doc. 10). On the same date, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging Petitioner as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection) and U.S.C. § 1182(a)(7)(A)(i)(I) (alien not in possession of valid entry document). (*Id*.). He has applied for asylum based on, *inter alia*, his fear of return to Guatemala. (*Id*. at Doc. 1).

Petitioner filed his first habeas petition on February 15, 2026. (*Id*. at Doc. 1). On April 3, 2026, the undersigned recommended finding that § 1226(a), rather than § 1225(b)(2)(A), governed his detention and granting relief. (*Id*. at Doc. 12). The district judge adopted those findings and recommendations on April 17, 2026, and directed Respondents to provide a substantive bond hearing under § 1226(a). (*Id*. at Doc. 15).

Petitioner thereafter received a bond hearing before an immigration judge ("IJ"), at which he was represented by counsel. In an order dated April 28, 2026, the IJ denied bond, after finding that Petitioner presented a flight risk. (*See* Case No. 1:26-cv-03708-JLT-HBK, at Doc. 7-1, Ex. 3). Petitioner reserved the right to appeal, but the record does not reflect that he appealed the custody determination to the Board of Immigration Appeals (BIA).

Petitioner filed a second habeas petition on May 4, 2026. (*See* Case No. 1:26-cv-03385-TLN-AC). On May 12, 2026, Chief Judge Troy L. Nunley dismissed the petition because it raised the same due process claim as the first petition, but the Court specifically dismissed

Petitioner's prolonged detention claim without prejudice. (*Id*. at 10).

Petitioner filed a third habeas petition on May 14, 2026. (*See* Case No. 1:26-cv-03708-JLT-HBK). On May 27, 2026, the Court denied the petition as it presented the same issues that were decided in the two previous actions. (*Id*. at 12).

Petitioner filed the instant fourth habeas petition on July 23, 2026, and moved the same day for temporary restraining order. (Docs. 1, 2). On August 10, 2026, the district judge denied the motion as untimely and referred the Petition to the undersigned for determination on the merits. (Doc. 10).

Petitioner remains detained in the California City Detention Facility in California City, California. (Doc. 1 at 2).

## II. APPLICABLE LAW

### A. Habeas Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction under 28 U.S.C. § 2241 to immigration detention that are sufficiently independent of the merits of a removal order. *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### B. Detention Under § 1226(a)

Section 1226(a) authorizes detention pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022).

A detainee detained under § 1226(a) may request a custody redetermination before an immigration judge and ordinarily bears the burden of establishing that release is warranted. *Jennings*, 583 U.S. at 306; *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). An adverse custody detention may be appealed to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3). After an initial bond redetermination, a detainee may also submit a written request for a subsequent custody redetermination upon a showing of materially changed circumstances. 8 C.F.R. § 1003.19(e);

*Rogriguez Diaz*, 53 F.4th at 1197.

C. Procedural Due Process

The Fifth Amendment protects persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993); *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The process required depends on the nature of deprivation and the circumstances of the case. *Zadvydas*, 533 U.S. at 693.

In *Rodriguez Diaz*, the Ninth Circuit assumed without deciding that the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), governed a due process challenge to continued detention under § 1226(a) following an initial bond hearing. 53 F.4th at 1206-14. That framework considers the private interest affected, the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards, and the government's interests, including the burdens additional procedures would entail. *Mathews,* 424 U.S. at 335.

III. ANALYSIS

A. The Duration of Petitioner's Detention Does Not Establish a Statutory Entitlement to Release or an Additional Bond Hearing[2]

To the extent Petitioner contends that the Immigration and Nationality Act requires release or an "updated, individualized justification" for detention upon the passage of six-months, *Jennings* forecloses that statutory theory. There, the Supreme Court held that § 1226(a) does not require periodic bond hearings at six-month intervals at which the government must establish the necessity of continued detention by clear and convincing evidence. 583 U.S.C. at 306. The Court left the constitutional questions for consideration on remand. *Id*. at 312.

Accordingly, Petitioner has not established a statutory entitlement to release or a further

[2] Respondents characterize the Petition as an attempt to extend *Zadvydas v. Davis*, 533 U.S. 678 (2001), to detention under § 1226(a). Petitioner, however, does not contend that removal is unlikely in the reasonably foreseeable future. Rather, he argues his prolonged detention requires an updated, individualized justification for continued confinement. The Court therefore addresses that procedural due process claim, not whether *Zadvydas* extends to his detention. Petitioner also argues that this Petition is not successive. Respondents do not seek dismissal on that ground. The Court need not resolve this issue, because the Court finds the claim fails on the merits for the reasons discussed below.

bond hearing because his detention has exceeded six months. Whether his continued detention violates due process requires separate consideration.

B. Petitioner Has Not Established That the Procedures Afforded and Available to Him Are Constitutionally Inadequate

Petitioner contends that the April 28, 2026 flight risk determination no longer justifies his detention and that due process requires the government to provide an updated, individualized justification for his continued confinement. (Doc. 1 at 6-10; Doc. 13). The question, however, is not simply whether detention has continued for a "prolonged" period, but whether the procedures afforded and available to him adequately protect against erroneous continued confinement.

*Rodriguez Diaz* provides the governing framework. There, the Ninth Circuit considered whether a person detained under § 1226(a), who had already received a bond hearing, was constitutionally entitled to a second hearing at which the government would bear the burden of proof by clear and convincing evidence. 53 F.4th at 1193. Applying *Mathews*, the court rejected the facial and as-applied challenges presented. *Id*. at 1206-14. Its analysis considered not only the duration of detention, but also the initial individualized hearing, the opportunity for administrative appeal, and the availability of a subsequent custody redetermination upon materially changed circumstances. *Id*.

As in *Rodriguez-Diaz*, the Court assumes without deciding that the *Mathews* framework applies. Under that framework, Petitioner has not established that the procedures afforded and available to him are constitutionally inadequate on the present record.

1. Petitioner's liberty interest favors additional protection.

Petitioner's interest in freedom from physical confinement is substantial. Continued civil detention imposes a significant deprivation of liberty, and the Court does not discount that deprivation because Petitioner previously received a bond hearing. As in *Rodriguez-Diaz*, the Court assumes that the detention at issue is prolonged. *Id*. at 1207. Thus, the first *Mathews* factor weighs in Petitioner's favor.

////

////

2. Petitioner has not demonstrated that the existing procedures create a constitutionally unacceptable risk of erroneous continued detention.

Following relief in his earlier habeas proceeding, Petitioner appeared with counsel before an IJ for an individualized bond hearing. The IJ denied bond based on a finding that Petitioner presented a flight risk. (*See* Case No. 1:26-cv-03708-JLT-HBK, at Doc. 7-1, Ex. 3). Thus, this is not a case in which detention has continued without an individualized custody determination.

Petitioner argues that he lacks a criminal history that the flight risk finding is "stale and contradicted by the facts." (Doc. 13 at 5-6). The absence of a criminal history, however, does not by itself negate a finding of flight risk. Nor does disagreement with the IJ's assessment establish that the procedures used to reach that assessment were constitutionally deficient.

These procedures include administrative review of the adverse custody determination. Petitioner reserved the right to appeal, but the record does not reflect that he pursued an appeal to the Board of Immigration Appeals. (*See* Case No. 1:26-cv-03708-JLT-HBK, at Doc. 7-1, Ex. 3). The availability of administrative review is relevant to the adequacy of the procedural framework. Although Petitioner's failure to pursue that review does not independently establish that his continued detention is unconstitutional, it does, however, undermine an argument that the governing framework afforded no meaningful opportunity to correct an erroneous custody determination. *See Rodriguez Diaz*, 53 F. 4th at 1211-13.

The regulations also permit Petitioner to request a subsequent custody redetermination upon a showing of materially changed circumstances. 8 U.S.C. § 1003.19(e). That mechanism provides an avenue to present developments bearing on the continuing validity of the flight risk determination. Petitioner has not shown that this mechanism is unavailable to him or constitutionally inadequate to address a material change in his circumstances.

The Court does not minimize the burden of continued confinement nor hold that an initial bond hearing necessarily satisfies due process for all subsequent detention. Rather, on the record presented, Petitioner has not demonstrated that the individualized bond hearing, available administrative review, and opportunity to seek redetermination leave a constitutionally unacceptable risk of erroneous continued confinement. Nor has he shown that the passage of six

months, without more, requires additional procedures or warrants a different result under *Rodriguez Diaz. See also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026).

3. The government's interests weigh against requiring additional procedures on the showing made.

The government has a substantial interest in securing Petitioner's appearance in removal proceedings and his availability for removal if removal is ultimately ordered. *See Rodrigues Diaz*, 54 F.4th at 1208-11. Here, the IJ made an individualized finding that Petitioner presented a flight risk. That finding connects the government's general enforcement interest to the custody determination in this case.

4. The balance of factors does not establish a due process violation on this record.

Petitioner's substantial liberty interest weighs in his favor. Considered together, however, the existing safeguards and the government's interest do not establish that due process requires a further hearing or renewed justification solely because detention has exceeded six months. Under *Rodriguez Diaz*, the duration of detention does not, standing alone, establish the constitutional inadequacy of the procedures afforded and available here.

## IV. CONCLUSION

Petitioner received a counseled bond hearing under § 1226(a), had an opportunity to seek administrative review, and may seek a subsequent custody redetermination upon the showing of materially changed circumstances. Although his continued detention implicates a substantial liberty interest, he has not established that the procedures afforded and available to him are constitutionally inadequate under the circumstances presented. Nor has he established a statutory entitlement to release based solely on the duration of detention.

Accordingly, IT IS RECOMMENDED that**:**

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be DENIED.
2. Petitioner's motion for expedited resolution (Doc. 14) be DENIED as moot.
3. The Clerk of Court be directed to enter judgment and close this case.

////

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 18, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE